VIVALDI & ARBONA, Appellants, v. REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 673. Submitted February 21, 1927.—Decided April 6, 1927.

*Benet & Souffront* for the petitioner. The registrar appeared by brief.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This appeal is related to another, decided today under number 672, *ante,* page 496. The power of attorney there referred to and considered insufficient by the registrar was executed in Barcelona, Spain, on December 22, 1925. Santiago Ferrer y Matas appeared therein not only in his own right, but also as guardian of his incapacitated sister Angela Ferrer y Matas, in accordance with a resolution adopted by the family council authorizing him to sell by auction, because of necessity and convenience, the interest and rights held by his ward in a certain urban property "situated in Porto Rico, in the town of Mayagüez."

Attorney in fact Antonio Soler y Aymat, in the name of his principal, petitioned the District Court of Mayagüez for authorization to sell by auction because of necessity and convenience the interest and rights held by his ward in the said property. The court granted the petition after hearing oral and documentary evidence, and the property was sold by public auction to the appellants as the highest bidder, and the marshal executed a judicial deed of sale. The registrar refused to record it on the ground overruled by this court in appeal No. 672, and also (1) because it had not been shown that the appointment of the Spanish guardian had been preceded by a judicial declaration that the vendor was incapaci-

tated, and (2) because it had not been shown that the documents presented complied with the necessary legal requirements in regard to the form and formalities of the Spanish laws.

As to the first ground, the writ issued to the marshal for selling the joint interest of the ward contains the order from the trial court which in its pertinent part reads as follows:

"Whereas, in view of the sworn petition in the present case filed by the petitioner Santiago Ferrer y Matas, of age and a resident of the city of Barcelona, Spain, in which he alleges that María Angela Ferrer y Matas is of age, single, incapacitated and a resident of the city of Barcelona, Spain, whose nearest relatives within the fourth civil degree of consanguinity and second by affinity are her mother Francisca Matas y Barnaset, her brother Santiago, her sisters Dolores and Emilia Ferrer y Matas and her brother-in-law Primo Pelegrín y Sugasti, all residents of the city of Barcelona, Spain.

"Whereas, it was likewise alleged by petitioner that said María Angela Ferrer y Matas is incapacitated, the appointments having been made of Santiago Ferrer y Matas as guardian, of Primo Pelegrín y Sugasti as protutor, of Joaquín Puchades Domingo, José Ferrán y Tuset, Rafael Vilanova y Balash, José Mañas Bomvi and Joaquín Puchades Aviño as members of the family council, which appointments were accepted and properly qualified, Joaquín Puchades Domingo having been appointed president of the family council, and that said family council on December 7, 1925, voted the following resolution:

"Now, therefore, the case having been set and the evidence both oral and documentary having been heard, and as there was no opposition on the part of the prosecuting attorney who, as it appears, was notified of the proceedings, the court hereby sustains the petition, decreeing that the sale of the one-fifth joint interest belonging to said ward María Angela Ferrer y Matas in the property herein described . . ."

The registrar, considering the order of the lower court, maintains that the judicial declaration of incapacity of María Angela Ferrer y Matas is not evidence, but a step in the proceedings, and that her incapacity should have been established independently. We have no doubt that the defect stated affects the jurisdiction and this constitutes the

exception where the registrar may pass on a judicial decision without implying the weighing of the grounds therefor. It appears from the order that the incapacity of María Angela Ferrer y Matas was alleged, but the court does not make any declaration whatever in respect to that incapacity.

In connection with the last ground the registrar does not set forth the formalities which were not complied with in the documents executed in Spain and which have been presented in the registry, and for our part we have not found anything in that respect to prevent the record.

Therefore the decision of the registrar must be affirmed on the sole ground that the incapacity of María Angela Ferrer y Matas has not been shown.